**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3598-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BIENVENIDO CASILLA,

    Defendant-Appellant.

_____

Submitted October 18, 2017 — Decided November 16, 2017

Before Judges Nugent and Currier.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Indictment No.
98-10-0052.

Bienvenido Casilla, appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent (Emily R. Anderson,
Deputy Attorney General, of counsel and on the
brief).

PER CURIAM

    Defendant appeals from a March 18, 2016 order denying without an evidentiary hearing his third petition for post-conviction relief (PCR). We affirm.

The facts underlying defendant's conviction of purposeful or knowing murder, kidnapping, and other offenses are detailed in our opinion disposing of defendant's direct appeal and we need not recount them. State v. Casilla, 362 N.J. Super. 554, 557-60 (App. Div.), certif. denied, 178 N.J. 251 (2003). We affirmed defendant's convictions and sentences for murder and hindering apprehension; vacated his conviction for first-degree kidnapping and remanded for re-sentencing on that count as a second-degree offense; and reversed his convictions for racketeering and theft by extortion. Id. at 571.

The State did not retry defendant on the racketeering and attempted theft by extortion counts. The trial court re-sentenced defendant on the second-degree kidnapping offense to a consecutive ten-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. On a sentencing calendar, Rule 2:9-11, we affirmed the consecutive sentences but remanded to the trial court to consider the applicability of NERA and the constitutional issues discussed in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). State v. Casilla, No. A-3709-03 (App. Div. Sept. 30, 2004). Following remand, the trial court imposed the identical sentence.

Defendant subsequently filed two PCR petitions. In each instance, the trial court denied the petition and the implementing

order was affirmed on appeal. State v. Casilla, No. A-2994-05 (App. Div. June 11, 2007), certif. denied, 192 N.J. 482 (2007); State v. Casilla, No. A-4838-10 (App. Div. Nov. 5, 2012), certif. denied, 214 N.J. 119 (2013).

Defendant also filed a petition for habeas corpus. The United States District Court dismissed the petition and denied defendant's certificate of appealability because defendant had not made "'a substantial showing of the denial of a constitutional right' under 28 U.S.C. § 2253(c)(2)." Casilla v. Ricci, No. 08-3546 (D.N.J. Dec. 10, 2009) (slip op. at 37). The United States Court of Appeals for the Third Circuit denied defendant's application for a certificate of appealability and dismissed defendant's appeal for lack of jurisdiction. The United States Supreme Court denied defendant's petition for a writ of certiorari. Casilla v. Ricci, 562 U.S. 1093, 131 S. Ct. 799, 178 L. Ed. 2d 535 (2010).

We rejected the following contentions defendant raised on direct appeal:

> (1) his right to due process was violated when the court failed to submit the element of jurisdiction to the jury; (2) the court committed reversible error on the murder count when it responded to a jury question with a supplemental instruction that defendant could be found to be an accomplice; (3) the court should have granted his motion to suppress the wiretaps . . . .

                    [Casilla, supra, No. A-4838-10 (slip op. at
                    2-3) (citing Casilla, supra, 362 N.J. Super.
                    at 561).]

     On his appeal from the denial of his first PCR petition, we
rejected defendant's arguments that his trial counsel was
ineffective for failing to:

                    (1) file a motion challenging the legality of
                    his warrantless arrest; (2) file a motion to
                    suppress his confession; (3) ensure during
                    jury selection that some of the jurors spoke
                    or understood Spanish; (4) object to the jury
                    instruction on accomplice liability as to
                    count four (murder); (5) challenge the
                    validity of the indictment; and (6) object to
                    hearsay evidence.

                    [Casilla, supra, No. A-2994-05 (slip op. at
                    1).]

     Lastly, we rejected the following arguments on defendant's
appeal from the denial of his second PCR petition:

                    Defendant asserted the following
                    specific claims of ineffective assistance of
                    trial counsel:

                         failed to effectively challenge
                         Court Clerk's actions, causing the
                         jury to deliver an irreconcilable
                         and/or inconsistent verdict[; . . .]
                         failed to challenge Court's
                         sentencing for murder charges, a
                         charge for which defendant had been
                         found Not Guilty[; . . . and] failed
                         to effectively challenge conviction
                         for felony murder based on an
                         accomplice liability theory, when
                         in fact accomplice liability had
                         never been charge on indictment in
                         connection with count five, felony

murder and accomplice liability was never specifically charge[d] by the judge, among numerous other critical failures.

According to defendant, trial counsel was also "grossly ineffective" at the resentencing in: (1) not challenging the court's imposition of consecutive sentences on felony murder and second-degree kidnapping, which he asserts is an illegal sentence, and (2) allowing him to be convicted as an accomplice to felony murder without having been indicted for that crime and without the court specifically charging that offense in connection with felony murder.

Defendant alleged appellate counsel was "egregiously ineffective" in failing to identify and effectively raise the above instances of trial counsel's ineffectiveness, and "blatantly ineffective" in failing to challenge on appeal the above instances of the court's violation of defendant's constitutionally guaranteed due process rights.

Defendant also alleged ineffective assistance of first PCR counsel in failing "to adequately prepare and exercise normal customary skills in preparation" of his PCR and failing to investigate and properly assert his meritorious claims of ineffective assistance of trial and appellate counsel and the constitutional errors of the court.

[Casilla, supra, No. A-4838-15 (slip op. at 9-11).]

On this appeal from his third PCR petition, defendant makes these arguments:

POINT I:

DEFENDANT FILES AS PRO SE LITIGANT ASSERTS EXCUSABLE NEGLECT AND SEEKS PROCEDURAL DUE PROCESS, TO DEFEND LIFE AND LIBERTY PURSUANT TO <u>N.J. CONST.</u> ART. I PAR. 1 (Partially raised below).

    A.  Petitioners  documents  and arguments are held to less stringent standards than formal pleadings drafted by lawyers.

    B. Excusable Neglect.

    C. Right to Due Process.

POINT II:

DEFENDANT WAS DEPRIVED OF HIS RIGHT DURING VOIR DIRE. THE TRIAL COURT DENIED THE DEFENDANT HIS RIGHT TO BE PRESENT AT SIDE BAR, THIS VIOLATED HIS RIGHTS UNDER <u>U.S. CONST.</u> AMEND. 6; <u>N.J. CONST.</u> ART 1, PAR. 10 CAUSING BIAS AND PREJUDICE TO DEFENDANT BY INEFFECTIVE ASSISTANCE OF COUNSEL (Raised below).

POINT III:

DEFENDANT WAS ILLEGALLY BROUGH [sic] TO TRIAL TO STATE OF NEW JERSEY, COURTS FROM SAME CRIME THAT THE STATE OF NEW YORK ON CHARGES THAT WHERE BEING PROSECUTED, TO ALLOW STATE OF NEW JERSEY MERGE OTHER CHARGES AND PROSECUTE TO ACHIVE [sic] MULTIPLE PUNISHMENT IN VIOLATION TO DEFENDANT'S RIGHTS UNDER THE FIFTH, ELEVENTH, AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (Raised below).

    A. Double Jeopardy.

POINT IV:

DEFENDANT [sic] SENTENCE IS CONTRARY TO CODE OF CRIMINAL JUSTICE; DEFENDANT IS HELD ON AN

ILLEGALLY IMPOSED SENTENCE THAT ERRONEOUSLY
APPLIED THE NO EARLY RELEASE ACT, WHICH
ACTUALLY IMPOSED "SIMULTANEOUS SENTENCES",
AND ONCE CORRECTED WILL REVEAL THE ACTUAL
SENTENCING ELIGIBILITY TO SATISFY THE
SENTENCE, AND MAKE ENTRY OF CORRECTED JUDGMENT
OF CONVICTION, HAVING ALL SENTECES [sic] BEEN
SATISIED [sic] (Raised below).

A. The No Early Release Act, is
inapplicable to instant Defendant
and infers to false Imprisonment.

B. The Court did not satisfy the
persistent offender Act and
actually imposed "simultaneous
convictions", which places the
convictions to be satisfied.

POINT V:

NO OTHER CONCLUSION CAN BE REACHED BUT THAT
THE EFFECT OF CUMULATIVE TRIAL ERRORS,
COMBINED WITH TRIAL, APPELLATE, AND 1ST PCR
COUNSEL'S OMISSIONS, DURESS, AND PREJUDICE,
DEPRIVED DEFENDANT OF A FAIR TRIAL (Raised
below).

POINT VI:

DEFENDANT'S JUDGMENT SHOULD BE VACATED BECAUSE
TRIAL, APPELLATE, AND 1ST PCR COUNSELS
PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL
(Raised below).

POINT VII:

EVIDENTIARY HEARINGS SHOULD BE GRANTED

A. The prevailing Legal principles
Regarding Claims of Ineffective
Assistance of Counsel, Evidentiary
Hearings And Petitions For Post-
Conviction Relief.

7

The trial court determined defendant's third PCR petition was time-barred, <u>Rule</u> 3:22-12(a)(2), and dismissed it, <u>Rule</u> 3:22-4(b). The court also determined defendant had raised no substantial issues of fact or law, and thus had not established good cause to assign counsel. <u>Rule</u> 3:22-6(b).

We affirm, substantially for the reasons expressed by the trial court in its written decision. Defendant's arguments are without sufficient merit to warrant further discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION